A mortgage was given to secure several notes, the assignment of the mortgage and *part* of the notes intended to be secured, does not pass the *other* notes not assigned.

The declaration of a partner of a decedent, who had no interest in the matter in controversy, are incompetent against his adm'r. it is but [hearsay evidence.

## Stockton's Adm'r. *vs* Johnson, &c.

ERROR TO THE FRANKLIN CIRCUIT.

Assignment. Mortgages. Evidence. Lapse of time.

CHIEF JUSTICE EWING delivered the opinion of the Court.

THIS is an action of eovenant, brought by Robert Stockton's administrator against John T. Mason, R. M. and Cave Johnson, in which a verdict was found for the defendants; and a motion for a new trial being overruled, the case has been brought to this Court for revision.

Conceding that in an ordinary case, the assignment of a mortgage made to secure the payment of a note or notes, might be deemed and taken as an *assignment* of the *notes* secured, by *construction*, and as the means of giving *operation* and *effect* to the *assignment*; yet in the case before us, the assignment of the mortgage by Robert to Edward Stockton, with the assignment, at the same time, of three of the notes secured, and the retention of four others, also secured, cannot be construed to have the effect of transferring the notes *not assigned*, but *retained* by the assignor. And E. Stockton not being the owner of the notes *not assigned*, legally or equitably, and upon which notes this suit is founded, his declaration that "he and Robert Stockton were in partnership in the iron works, and he thought he could save for the witness, in discharge of a debt owing him by Mason, $1,000 that year," was incompetent as evidence of the fact that the works were prosperous, and ought not to have been permitted to go to the jury. It amounted to no more than hearsay evidence, detailed, not upon oath or cross examination, by a person having no interest in the demands in question. If the fact existed, it was susceptible of proof as other facts, by witnesses, upon oath. The fact that E. Stockton was in partnership with Robert in the iron works, cannot, surely, give to his declaration the force and verity of a sworn witness, in a suit for the separate and individual demand of Robert.

We also think that the evidence was scarcely sufficient to authorize the finding of the jury, and doubt whether it should not have been set aside. But conceding that it should not, upon the evidence only, we think that the instructions given and refused by the Court, without further explanation, were calculated to mislead the jury. *Mere lapse of time,* short of twenty years, furnished no such presumption of payment as would authorize the jury to find that the demand had been paid. The first instruction asked by the plaintiff's counsel should have been given, with a slight modification, that *length of time merely,* furnished no such presumption of satisfaction as authorized the jury to find for the defendants. The second instruction also, might have been given, with a slight modification, explanatory of its application alone to the three persons named. There was certainly no evidence from lapse of time or other facts proven, that *they themselves* had *paid* the demands. If they were paid at all, they must have been paid by or through the instrumentality of Mason. The peremptory refusal of these instructions, with the declaration of the Court that they *could* give the interval that elapsed between the death of R. Stockton and the granting of administration, such weight as *they thought proper,* to *rebut* the presumption arising from the lapse of time, was calculated to mislead the jury as to the force and effect of the time that had run, and to give a slighter effect to the accounted for interval, than it was entitled to.

As payment could neither have been made nor legally enforced during the interval, it was entitled to consideration by the jury as tending to account for the interval, and to rebut the presumption of payment, and the Court should have so instructed the jury. Yet from the refusal of the instructions asked and declaration made, that the jury *might* give to the interval such weight as they *thought* proper, to *rebut* the *presumption* arising *from lapse of time,* implied, or might have been so understood by the jury, that the presumption from lapse of time was *complete* but for the *interval,* and that the interval had *less weight* than it was legally entitled to, and might be altogether disregarded in rebutting the presumption of pay-

ment from lapse of time, and that this, in itself, was ample, independent of the accounted for interval, to justify the jury in finding that the demands had been satisfied.

The delusion of the jury in the refusal of the Court to give the first instruction of the plaintiff, with a slight qualification in relation to the presumption to be indulged from lapse of time, and the remarks of the Court with respect to the interval alluded to, is kept up by the emphasis which is placed on the *great lapse* of time ingeniously engrafted into the instruction asked by the defendants' counsel, and given by the Court. The jury were most likely induced to give greater weight to the lapse of time than, accounted for in part as it was, it should have been entitled to.

The judgment of the Circuit Court is, therefore, reversed, and cause remanded, that a new trial may be granted.

*Goodloe and B. & A. Monroe* for plaintiff: *Morehead & Reed and Hewitt* for defendants.