### JOHN P. WARREN *v.* ROBINS & MARSHALL.

This was a case in which plaintiff in error was entitled to relief in the court below, and a bill of interpleader was the proper remedy. *Held*, that it would be a violation of the first principles of equity to permit R. to collect the money from W. under the judgment against him, and also get a credit on the judgment of M. against him (R.) at the same time.

On appeal from the northern district vice-chancery court at Fulton; Hon. Henry Dickinson, vice-chancellor.

The facts of the case are sufficiently stated in the opinion of the court.

*Coopewood & Beene*, for appellant.

*J. W. Goode*, for appellee.

Mr. Justice FISHER delivered the opinion of the court.

The bill in this case charges that the complainant was sued by Elliot Robins, to the September term, 1847, of the circuit court of Itawamba county, upon a certain bill of exchange, drawn by the complainant in the year 1844, in favor of the said Robins, for $415.02, with a credit thereon.

That on the 13th of March, 1846, John W. Marshall recovered a judgment against the said Robins and one Charles Butler, in the said court, for the sum of $363.32; that said

Marshall, on the 10th of December, 1847, after issue joined in the suit between complainant and Robins, sued out a writ of garnishment against complainant as a debtor of Robins ; that in consequence of complainant's inability to attend court at the March term, 1844, of said court, judgment *nisi* was rendered against him on said garnishment; that at the September term, 1848, of said court, he filed his answer to said writ, admitting the drawing of the said bill of exchange, stating the credit thereon, but that he was not liable thereon for want of notice of protest. This answer was traversed by the plaintiff in the garnishment, and before a trial of the issue a judgment was rendered against the complainant in the suit of the said Robins. That at the same term of the court, the said issue on the answer to the garnishment was tried, and found against complainant ; whereupon the court pronounced judgment for the balance due on the said bill of exchange.

The bill brings the true amount of money into court, and prays that the said Robins and Marshall may interplead, &c.

To this bill both defendants filed a demurrer, which was sustained by the court, and bill dismissed.

The facts show a case in which the complainant was entitled to relief. A bill of interpleader was the proper remedy, and is certainly giving Robins an opportunity to make a defence, if he has any, against the judgment of Marshall, which the complainant, who was wholly ignorant of the facts, could not make for him. If he can make no successful defence against Marshall's judgment, it would be too great a violation of the first principles of equity, to permit him to collect the money from the complainant under the judgment against him, and also to get credit upon the judgment of Marshall. Complainant would, in the other form of bill, be entitled to relief, even if not allowed under the present one. After paying Marshall's judgment under the peculiar circumstances of this case, he would in equity be treated as an assignee, and be allowed to use it as an offset against Robins' judgment. But we are of opinion that complainant is entitled to relief under his present bill.

Decree sustaining the demurrer reversed ; cause remanded ; defendants required to interplead ; defendants to pay costs.