## SAMUEL R. DAVIDSON v. DAVID J. ALLEN et al.

1. VENDOR AND VENDEE: VENDOR'S LIEN, WHEN IT PASSES TO HIS ASSIGNEE.— It is the settled rule in this State, that the lien of a vendor, who has made no deed, but has only executed a bond to convey the title when the purchase-money is paid, passes to his assignee. See *Tanner* v. *Hicks et al.* 4 S. & M. 294; *Parker* v. *Kelly et al.* 10 Ib. 184; *Wilkins* v. *Humphreys et al.* 23 Miss. 309; *aliter*, when the vendor has conveyed the title. See *Skaggs* v. *Nelson*, 25 Miss. R. 88; *Williams* v. *Walker*, 30 Ib. 165.

2. HIGH COURT: STARE DECISIS.—Rules of law, which relate principally to matters of expediency, when once settled by this court, will not be changed.

3. VENDOR AND VENDEE: TRANSFER OF PURCHASE-MONEY BY VENDOR WITHOUT RECOURSE, DOES NOT PREVENT LIEN FROM PASSING.—The indorsement by the vendor of a note given for a portion, or for all the purchase-money, "without recourse in law or equity," will not prevent the vendor's lien passing to the assignee, in cases where the lien is assignable.

4. SAME: DISTRIBUTION OF PROCEEDS OF LAND, WHERE ONLY A PART OF THE PURCHASE-MONEY HAS BEEN ASSIGNED.—When the vendor assigns a portion of the purchase-money, to which his lien attaches, and retains the balance, the proceeds of the land, if insufficient to pay all, will be distributed *pro rata* between the vendor and his assignee.

5. CASES CITED AND APPROVED.—The cases of *Tanner* v. *Hicks et al.* 4 S. & M. 294; *Parker* v. *Kelly et al.* 10 Ib. 184; *Wilkins* v. *Humphreys et al.* 23 Miss. R. 309, cited and approved.

6. CASE EXPLAINED.—The case of *Littlejohn* v. *Jordan*, 32 Miss. R., explained.

APPEAL from the Chancery Court of Marshall county. Hon. P. T. Scruggs, chancellor.

*Walter* and *Clapp*, for appellant,

Cited *Tanner* v. *Hicks*, 4 S. & M. 300; *Parker* v. *Kelly*, 10 Ib. 184; *Allen* v. *Bennett*, 8 Ib. 680; *Henderson* v. *Herrod*, 10 Ib. 633; *Parker* v. *Mercer*, 6 How. 320; *Bank of England* v. *Tarlton*, 23 Miss. 173.

Davidson *v.* Allen et al.

*Watson* and *Craft*, for appellee,

Cited *Bank of England* v. *Tarlton*, 23 Miss. 173; *Tanner* v. *Hicks*, 4 S. & M. 294; *Littlejohn* v. *Jordan*, 32 Miss. 237; 27 Ib. 772; *Briggs* v. *Hill*, 6 How. 362; *Skaggs* v. *Nelson*, 25 Miss. 88; *Walker* v. *Williams*, 30 Miss. 165; *Servis* v. *Beatty*, 32 Ib. 52; *Gothard* v. *Flynn*, 25 Ib. 58; 25 Ala. 327; 7 Gill. & John. 120; *Terry* v. *Woods*, 6 S. & M. 139.

HANDY, J., delivered the opinion of the court.

This bill was filed for the purpose of claiming the benefit of a vendor's lien for the unpaid purchase-money of land, under the following circumstances.

The defendant, Starks, sold to Allen certain town lots in the town of Holly Springs, taking several notes for different instalments of the purchase-money, and executing a bond, conditioned to convey the title, on the payment of the purchase-money. On the 7th January, 1857, he assigned one of the notes, due 13th July, 1856, to Davidson, by an indorsement upon it in these words: "I have, this 7th day of January, 1857, transferred this note to S. R. Davidson, without recourse on me in law or equity. S. G. STARKS."

He retained the last two notes given for the purchase-money, and which were due subsequently to that transferred to Davidson.

The bill was filed against Allen and Starks by Davidson, claiming to subject the land to the payment of the note assigned to him.

The answer of Starks states that he is the holder of the last two notes which were unpaid; that, by the assignment of the note to Davidson, he did not assign any lien or claim upon the lots, and claims that by the terms of the assignment no such right or interest passed to him; that the property might not sell for a sum sufficient to pay the notes held by him, as well as that transferred to Davidson; in which event, if the lien is enforced in favor of Davidson, that Starks must sustain a loss, and become virtually liable to that extent upon his indorsement of the note, notwithstanding that by its terms, he is discharged from any liability. He denies that he agreed to assign any lien or right in the property when the note was transferred.

The bill was taken as confessed as to Allen, and was submitted for

Davidson v. Allen et al.

hearing without further proof; and, on the 31st March, 1858, a decree was rendered, ordering a sale of the property, directing the notes due Starks to be first paid out of the proceeds, and then the note due the complainant. And, from that decree, Davidson took this appeal.

The first question raised is, whether the assignee of a note, given for the purchase of land, in which the vendor retains the title, is entitled to the vendor's lien, and whether the vendor's lien passes by the mere assignment of the note, and operates as a security for the note in the hands of the assignee.

Upon this question there is much diversity of opinion in the courts in many of the States of this confederacy. Whatever may be the force of the reasons against the affirmation of the proposition, the rule has been settled by this court that, when the title has not been conveyed by the vendor, his assignment of a note given for the purchase-money carries with it the benefit of the lien. *Tanner* v. *Hicks et al.* 4 S. & M. 294; *Parker* v. *Kelly et al.* 10 Ib. 184; *Wilkins* v. *Humphreys et al.* 23 Miss. 309. It is quite as important that questions of this nature, which relate principally to matters of expediency, and depend upon considerations of doubtful reasoning, should be decisively settled, as that they should be settled in a manner altogether satisfactory upon legal principles. When a rule is thus settled, the transactions of the people readily conform to it, and must be presumed to have been made with reference to it. Hence it is inexpedient to change such a rule, and to apply a different rule to transactions which may reasonably be considered as having been made under the belief that it was the rule governing the case, and that the rights acquired with reference to it would be protected by it. We do not, therefore, consider it proper to change the rule in question.

It is, however, suggested that this rule has been rendered doubtful, and the contrary one sanctioned, in the cases of *Skaggs* v. *Nelson*, 25 Miss. 88; *Williams* v. *Walker*, 30 Miss. 165; and *Littlejohn* v. *Jordan*, 32 Ib. 237. In the first two cases, the vendor had executed a deed, conveying the legal title; and, following the rule held in *Briggs* v. *Hill*, 6 How. 362, it was held that in such cases the vendor's lien did not pass by the assignment of the note. And, in the last case, the doubt expressed, as to whether the lien passed

by the assignment, has reference to the circumstances of the case, the fact that Littlejohn claimed the legal title, which was sought by the bill to be set aside as fraudulently obtained, as rendering it questionable whether the vendor's lien could be enforced by the complainant against him, and not to the general question of the right of an assignee to enforce the vendor's lien.

But it is insisted, in support of the decree, that it is a question, whether *it was intended* by the parties, that the lien should be transferred with the note; and as there is no evidence in the record directly showing what was the intention, that it must be ascertained from the attendant facts and circumstances of the assignment, which, it is insisted, negative the intention to transfer the lien with the note.

The fact that the note was assigned "*without recourse on Starks in law or in equity,*" is relied on as a circumstance to show that the lien was not intended to be transferred. But its force, as directly tending to prove such an intention, is not perceived. The terms of the assignment, "I have transferred *this note* without recourse *on me,*" &c., appear plainly to show, merely, that no liability should arise against him, in consequence of his transfer of the note; to exclude a liability which, without such exception, might arise against him by reason of the assignment. Such is the ordinary import of the terms used in the indorsement, and it is to be presumed that, if anything further had been in contemplation, it would have been stated in the indorsement. It must, therefore, be taken that the note was intended to be transferred, with all the rights and incidents belonging to it, except that no recourse, in any event, was to be had against the indorser, if the money due upon it should not be paid.

But it is said, that the assignment of the *lien* is inconsistent with the terms of the indorsement, because, if the proceeds of the sale of the lots should not be sufficient to pay the notes held by Starks, as well as that transferred to Davidson, Starks would, in effect, sustain the same injury as if he were made liable upon his indorsement. It is a sufficient answer to this objection, as above stated, that the indorsement only saved him from personal liability on the note. In all other respects the transfer was unaffected by the terms of the indorsement; and if the result suggested had been

Davidson *v.* Allen et al.

intended to be prevented, it should have been provided against by the contract of the parties.

It is also said that, by the terms of the indorsement, the vendor's lien arising upon the note, was extinguished as to Starks, as the transfer without recourse, amounted to a payment of the note, and a satisfaction as to his interest in it, and hence that there was no lien remaining to him which was susceptible of a transfer. This position appears to be sustained by the cases of *Schnebly & Lewis* v. *Ragan*, 7 Gill. & John. 120, *Hall* v. *Click*, 5 Ala. 363, and *Griggsby* v. *Hair*, 25 Ib. 327. These cases appear to proceed upon the idea, that the vendor's lien is not the subject of assignment, and does not pass by assignment of the notes given for the purchase-money. If they rest upon that reason, they can have no weight here against our own decisions, holding the contrary rule. If they rest upon any other reason, we cannot perceive its force. Granting that, when a vendor transfers such a note without recourse upon him, it is virtually a satisfaction of his interest in the note; yet he does more than receive satisfaction for his claim; he transfers that claim to the assignee at the same time when he receives satisfaction, and as part of the same transaction by which his claim is discharged. Whatever claim he had at the time of the transfer is passed to the assignee, and though extinguished as to the vendor, it is only because it is transferred to the assignee. This is manifest from the illustration given in the cases cited, of a vendor who had transferred a note, and afterwards being compelled to take it up, being restored to his vendor's lien upon the land; for this could not be the case, if the transfer operated as a total extinguishment of the lien.

It follows from these views that the decree is erroneous and should be reversed; and we are of opinion that the proceeds of the sale should be applied *pro rata* to the notes held by the complainant, and those held by Starks.

The decree is reversed, and the cause remanded to be proceeded with according to these views.