GEORGE S. C. Dow, in equity, *vs.* DUDLEY W. MOOR, administrator, and another.

*Mortgage — foreclosure of — waived by receipt of part-payment.*

The receipt, after foreclosure, of a part of the debt secured by a mortgage of real estate, under an express understanding that the foreclosure was opened, will be deemed a waiver of the foreclosure.

BILL IN EQUITY heard on bill, answer, and proof.

APPLETON, C. J. On 8th September, 1853, John R. Dow mortgaged to Elizabeth C. Dow a part of the Levi Dow farm in Waterville, to secure the sum of fifteen hundred dollars.

On Sept. 25, 1857, Elizabeth C. Dow assigned the mortgage to Paulina Bacheller.

On 22d July, 1858, Paulina Bacheller, the assignment of the mortgage to her not being recorded, caused a notice of her intention to foreclose the mortgage to be published in one of the public newspapers printed in the county of Kennebec, for three weeks successively, the last publication being on July 22, 1858. The notice of foreclosure was duly recorded in the Kennebec Registry of Deeds, so that the right of redeeming the mortgage, if the proceedings were in accordance with the statute, or if there was no waiver of the foreclosure, expired on 29th July, 1861.

On 27th October, 1865, Paulina Bacheller and O. R. Bacheller, her husband, released to Wyman B. S. Moor "all their right, title, and interest" in the mortgaged premises, for the consideration of four hundred and five dollars paid by said Moor.

On 15th September, 1866, said Moor obligated himself, by a writing under his hand, to convey by a quitclaim deed all his interest in the premises to one Justus Charles, on the payment to him of $619.42 within two years from its date.

The bill was against Wyman B. S. Moor and Justus Charles, and upon the death of said Moor, D. W. Moor, the administrator upon his estate, entered an appearance and assumed the defense.

The plaintiff, to sustain his title, introduced a deed from John R. Dow to Mary M. Chandler, of the equity of redemption of the mortgaged premises, dated 18th April, 1856, for the consideration of $552, and a deed from said Chandler to himself, dated Jan. 5, 1867, for the consideration of $500.

According to the testimony in the case, the plaintiff must be regarded a *bona fide* purchaser of the equity of redemption, having paid the full value therefor and perhaps more.

It appears that shortly after the alleged foreclosure by Mrs. Bacheller, her husband, acting for her, stated the amount due Sept. 8, 1861, upon the mortgage, at $1009.97, and that on the 27th October, 1865, when the mortgaged estate was transferred to W. B. S. Moor, there was due but $405, the difference between those sums having been paid to Mrs. Bacheller in the intervening time.

It fully appears from the testimony of O. R. Bacheller, as well as from his letters introduced in the case, that Mrs. Bacheller did not claim an absolute title by foreclosure, but treated the mortgage as subsisting, and claimed only the amount due on the notes secured thereby.

The evidence further shows that the assignee of the mortgage waived the foreclosure by receiving large payments upon the notes secured, under the express understanding that the foreclosure was opened.    As between the owner of the equity and the assignee of the mortgage the foreclosure must be regarded as opened.

The receipt of part of the debt due after a foreclosure must be deemed a waiver of the foreclosure, especially when received under an agreement to that effect.    *Deming* v. *Cummings*, 11 N. H. 483; *McNeil* v. *Call*, 19 N. H. 403; *Moore* v. *Besom*, 44 N. H. 215.

Wyman B. S. Moor had no negotiations with Mrs. Bacheller on the subject.    He procured his title through the intervention of Paul L. Chandler, who was fully aware that the alleged foreclosure was waived.    Notice to Chandler was notice to his principal.    His title was by deed of release in which the right, title, and interest of the releasor only was conveyed.

In *Oliver* v. *Piatt*, 3 How. 333, the supreme court of the United States held, " That a purchaser by quitclaim, without any covenants of warranty, is not entitled to protection as a purchaser for a valuable consideration, without notice, and he takes only what the vendor could lawfully convey."

Justus Charles was informed of all the facts relating to the opening of the foreclosure.

It follows that neither Moor nor Charles can have any rights superior to those of Mrs. Bacheller, and it has been seen that she held the mortgage as subsisting, having received payments after the alleged foreclosure, as well as having waived by letter and otherwise her strict legal rights.    As the plaintiff's right of redemption existed against Mrs. Bacheller, so it equally does against the defendants whose title is only a naked release given them with a full knowledge of all the facts.

As the defendants did not answer the plaintiff's demand of an account of what was due under the mortgage, and claim a foreclosure under the same, the plaintiff is entitled to his costs.

· The plaintiff is entitled to redeem upon payment of $405 and interest from Oct. 27, 1865, deducting therefrom the rents and profits, if any have been received, and the cost of this suit, and a decree is to be entered accordingly.

CUTTING, KENT, BARROWS, DANFORTH, and TAPLEY, JJ., concurred.

*J. Baker,* for the plaintiff.

*A. Libbey & S. Heath,* for the defendants.