IN THE

# SUPREME JUDICIAL COURT,

FOR THE

# COUNTY OF HANCOCK,

# 1849.

---

## JOHNSON, *in equity, versus* CANDAGE AND HINCKLEY.

Where an assignment of real estate has been made for the benefit of cred-
itors, it is not requisite, in a bill in equity against the assignee relative to the
property assigned, that the creditors should be made parties. The assignee
is supposed to represent and protect their interest.

Mortgagees of real estate, or their assignees, hold the mortgaged property, for
the benefit of the owners of the debts secured by the mortgage.

Where the several debts, secured by such a mortgage, have become the prop-
erty of different persons, and the assignee of the mortgage has foreclosed; he
holds the property, with the rents and profits thereof, in trust for the holders
of the debts, according to their respective amounts.

Such a mortgage, and a part of the notes secured by it, were assigned to the
defendant, who perfected a foreclosure. When taking the assignment, he
had knowledge that one of the notes was in the hands of another owner.
It was *Held*, that such owner was entitled, at equity, to recover his propor-
tionate part of the mortgaged property, and of its rents and profits.

The execution of such a mortgage, and of the notes secured by it, is a sufficient
compliance with the statute provision, (chap. 91, § 31,) that trusts concern-
ing lands shall be created and manifested in writing.

BILL IN EQUITY. The case was heard on bill, answer and
proofs. The facts are sufficiently presented in the opinion of
the Court.

*Kent,* for defendants.

The claim of the plaintiff is, that the defendants are trustees, and that a trust is raised in his favor. Suppose such to be the case, on general equity principles, the statute, chap. 91, § 31, prevents any such equitable trust from being recognized by our Courts.

There is no pretence of any writing, creating and manifesting this alleged trust. *Northampton Bank* v. *Whiting,* 12 Mass. 108 ; *Goodwin* v. *Hubbard,* 15 Mass. 218.

Chap. 91, § 31, R. S. has materially changed the law. Formerly it was not necessary that the trust should be created in writing ; but it must now be both created and manifested in writing. This alleged trust is neither created nor manifested in writing.

Nor is this a resulting trust, or one that arises from implication of law. If it be, then every case of assumed equitable interest can be.

The creditors of Wood, whom the defendant, Hinckley, represents, ought to have been made parties to the bill.

The prayer of the bill cannot be sustained, for no money has been received ; if there had been any, and if the plaintiff be entitled to it, he has a plain and adequate remedy at law.

He has nothing in trust, for he parted with all interest long ago.

*Herbert & Drinkwater,* for plaintiff.

The proper parties are before the Court. If not, yet, there being no objection taken by demurrer or plea, the merits are open. A trust was raised first in Parker Wood, the mortgagee, and that follows the mortgage. 18 Maine, 224 ; 9 Cowen, 34 ; 4 Johns. Ch. R. 41 ; 5 Johns. Ch. R. 570 ; 4 Kent's Com. 194.

A foreclosure pays all the mortgage notes, if the estate is of sufficient value. In this case, Parker Wood, by negotiating the note, and retaining the mortgage, became, by operation of law, a trustee, holding the land and mortgage in trust for the

benefit of the holder of the note. 4 Kent's Com. 310, 311, note b, and cases cited ; *Crane* v. *March,* 4 Pick. 136.

The defendant, Hinckley, took the mortgage as a mere volunteer, and not for valuable consideration, and therefore he takes it subject to all equities in favor of the holder of the note, to which it was subject in the hands of the mortgagee. 17 Ves. 433 ; 5 Johns. Ch. R. 231 ; 24 Pick. 226 ; 11 Maine, 24 ; 15 Mass. 156.

The opinion of the Court, HOWARD, J. taking no part in the decision, was drawn up by

WELLS, J. — On the eleventh of October, 1838, Edwin O. Shorey conveyed, in mortgage, a parcel of land to Parker Wood, to secure the payment of five notes of one hundred dollars each, payable in five annual payments. In 1842, Shorey filed his petition in bankruptcy, under the law of the United States. Mr. Hinckley, one of the defendants, was appointed his assignee, and subsequently he obtained his discharge. On the first day of January, 1844, an entry was made by Parker Wood, by the written consent of Hinckley, as the assignee of Shorey, to foreclose the mortgage, and the other proceedings requisite to effect the foreclosure, were taken.

On the thirty-first of March, 1845, Parker Wood being insolvent, made an assignment to Hinckley under the assignment law of this State, of all his property. Prior to this assignment, Parker Wood indorsed the note payable in two years, to Allen Wood, and by subsequent negotiations, it became the property of the plaintiff. One of the notes, and a portion of the three, which passed to Hinckley, was paid by Shorey.

On the. twenty-third of October, 1845, Hinckley assigned the mortgage to the defendant, Candage, and agreed in writing, to save him harmless, from any legal claim against him, by virtue of the note, which had been sold by Parker Wood, and which is alleged in the agreement to be, at that time, the property of Simeon Parker.

Johnson *v.* Candage.

It is contended that the creditors of Parker Wood should be made parties to this bill. Hinckley held the mortgage for the benefit of the creditors of Parker Wood.

Where persons are make trustees for the payment of debts and legacies, they may sustain a suit, either as plaintiffs or defendants, without bringing before the Court the creditors or legatees. In such cases the trustees, like executors, are supposed to represent the interests of all persons, creditors or legatees. Story's Eq. Plead. § 150.

By the lapse of time, the foreclosure has become perfected, and the estate is now absolute in Candage. The plaintiff contends, that the defendant should pay his note, or convey to him his proportion of the land, and account for the rents and profits.

In the case of *Parsons* v. *Welles & al.* 17 Mass. 425, it is said by WILDE, Justice, that in a court of equity the debt is the principal, and the mortgage is the accessory. And as it is there held that, as the mortgagee holds the estate in trust for the mortgagor ; so when the debt is assigned, he becomes a trustee for the benefit of the person having an interest in the debt. *Omne principale trahit ad se accessorium.*

So, an assignment of the debt is said to draw the land after it as a consequence, and as being appurtenant to the debt. 4 Kent's Com. 194. Story's Eq. § 1016.

Where there is a separation of the note from the mortgage, the latter continues in force ; and by the principles of a court of equity, the mortgagee becomes trustee for the holder of the note. *Crane* v. *March,* 4 Pick. 131.

If the mortgagee assign the mortgage with one of two notes, to secure which the mortgage was given, and retain the other note, both notes are paid, by a foreclosure, if the premises are of sufficient value for the payment of them. *Haynes* v. *Wellington,* 25 Maine, 458.

The deduction, from these authorities and the relation subsisting between mortgagor and mortgagee, is, that mortgaged premises cannot be redeemed without the payment of the en-

tire debt, secured by the mortgage, although the debt, or a part of it, is separated from it, and that upon a foreclosure, the whole debt is paid, if the premises are of sufficient value, for that purpose.

Mortgagees or assignees must therefore hold the premises mortgaged for the benefit of the owners of the debts ; for if it were otherwise, their debts would be discharged upon a foreclosure, so far as the value of the land might extend, while nothing would be paid to them, and the mortgagee or assignee would obtain a title to the premises, without having paid a consideration for them.

It results, that the defendant Candage, must be considered as holding the premises assigned to him, in trust for the plaintiff, in proportion as the amount due on his note bears to the whole sum, due on the mortgage.

But it is objected, that by R. S. chap. 91, § 31, all trusts concerning lands, excepting those which arise or result by implication of law, must be created and manifested by some writing, signed by the party creating and declaring it, or by his attorney.

As the mortgagee holds the estate in trust, it is a trust created and manifested by the deed and notes, signed by the mortgagor creating and declaring it. The trust imposed is, that the estate shall be reconveyed, or the mortgage discharged upon the payment of the debt, and upon a foreclosure the debt shall be deemed paid, if the estate is of sufficient value, or *pro tanto*. If the debt should be separated from the mortgage, and the estate held by the mortgagee, and the mortgagor be compelled to pay the debt, this would be a plain violation of the trust.

By a sale of the debt or a portion of it without the mortgage, the purchaser acquires an equitable interest, while the holder of the mortgage, by our law, has the legal estate, which, in equity, he holds for the beneficiary. Story's Eq. § 964.

These consequences flow from the nature of the contract ; the mortgagee, and whoever succeeds to him, as the owner of the land or the debt, is bound by them.

Both of the defendants had knowledge of the mortgage. Hinckley held the right of redemption as assignee in bankruptcy of the mortgagor, and the mortgage, as assignee of the mortgagee, an insolvent debtor. He cannot therefore sustain any loss. He and Candage had knowledge of the existence of the note, at the time of the conveyance to Candage, as appears by the agreement between them. They therefore had notice of the trust. R. S. c. 91, § 32.

The price, paid for the note by the plaintiff, cannot affect the defendants. It is the lawful title to it, not the amount paid for it, which establishes his right. .

There does not appear to be any just ground for requiring the defendants, or either of them, to pay the plaintiff's note. For the entry to foreclose and the consummation of the foreclosure was beneficial to the plaintiff.

The holders of the respective notes have an equitable interest in the land, in proportion to the amount due upon them. The plaintiff can equitably claim that part of the land, which is in proportion to his debt, and he is entitled to the rents and profits, exceeding the disbursements, which the defendants have obtained from the mortgaged premises in the same proportion.

The case must be submitted to a master, to ascertain the amount due upon the notes, and the rents and profits and disbursements.

Upon the reception of his report, a decree will be rendered, according to the principles before stated.