EBENEZER JORDON, administrator in equity,

*vs.*

CHARLES J. CHENEY and others.

Androscoggin.    Opinion February 8, 1883.

*Mortgages.    Trusts.    Transfer of mortgage debt.    Merger.*

One who takes a mortgagee's title holds it in trust for the owner of the debt to secure which the mortgage was given.

If a mortgage is given to secure negotiable promissory notes and the notes are transferred, the mortgagee and all claiming under him will hold the mortgaged property in trust for the holder of the notes.

In such case it is not necessary that there should be any recorded transfer of the notes or mortgage. Nor is an assignment of the mortgage necessary. Nor is a written declaration of trust necessary.

A merger takes place only when the whole title equitable as well as legal unites in the same person.

BILL IN EQUITY.

Heard on bill, answer and proof.

The bill was brought by the administrator of Ebenezer Jordan, deceased, against Charles J. Cheney, Henry W. Oakes, assignee in insolvency of Charles P. Jordan, Junior, and John Smith, and after stating the facts, the material parts of which are disclosed by the opinion, (Charles P. Jordan, Junior, was the mortgagee, who transferred and delivered the mortgage notes to the complainant, and John Smith was the mortgagor in the last

mortgage which was assigned to Cheney,) the complainant prayed "that said mortgage so held by said complainant in his said capacity as administrator may be decreed to constitute a prior lien on said real estate to the mortgage so held by said Charles J. Cheney; and that a just and true account of all sums due said complainant from said Charles P. Jordan, Junior, on the several notes aforesaid may be taken; and that said Charles J. Cheney be decreed to pay the same to your complainant; and in default thereof to place said complainant in possession of said real estate; and that said Charles J. Cheney, John Smith and Henry W. Oakes may be absolutely debarred and foreclosed of and from all right and equity of redemption in and to the said mortgaged premises or any and every interest in the same and every part thereof."

Charles J. Cheney was the only respondent who filed an answer.

*Wm. P. Frye, John B. Cotton, Wallace H. White and Seth M. Carter,* for the plaintiff, cited: *Moore* v. *Ware,* 38 Maine, 496; Jones, Mortgages, § § 817, 820, 870, 872, 874; *Eaton* v. *Simonds,* 14 Pick, 104; *Hunt* v. *Hunt,* 14 Pick. 384; *Simonton* v. *Gray,* 34 Maine, 50; *Stantons* v. *Thompson,* 49 N. H. 279; *Dexter* v. *Harris,* 2 Mason's C. C. 531; *Bailey* v. *Myrick,* 50 Maine, 171; *Purdy* v. *Huntington,* 42 N. Y. 334; *Edgarton* v. *Young,* 43 Ill. 464; *Wolcott* v. *Winchester,* 15 Gray, 461; *Greene* v. *Warnick,* 64 N. Y. 220; *Crooker* v. *Crooker,* 46 Maine, 250.

*N. and J. A. Morrill,* for the defendants, urged that the interest of the plaintiff in the mortgaged premises was only an equitable interest and that Mr. Cheney was a purchaser in good faith for a valuable consideration without notice of the trust and is therefore entitled to have the claim of the plaintiff postponed to his claim under the Smith mortgage. R. S., c. 73, § 12.

When a trustee sells a trust to a *bona fide* purchaser for a valuable consideration without notice of the trust such purchaser takes the estate discharged of the trust. 2 Story's Eq. Jur. (12 ed.) § 1264; *Pierce* v. *Faunce,* 47 Maine, 513; *Basset* v. *Nosworthy,* 2 White and Tudor's Lead. Cas. Eq. 57.

The rule laid down in *Greene* v. *Warnick*, 64 N. Y. 220, is not law in this state. See *Pierce* v. *Faunce, supra; Carpenter* v. *Longan*, 16 Wall. 271.

Mr. Cheney was not bound to take notice of an assignment of the notes alone. 1 Jones, Mortgages, § 820.

The statutes and decisions of this state require that for the due protection of the public, the assignment of a mortgage should be recorded. *Mitchell* v. *Burnham*, 44 Maine, 303.

Otherwise the purchaser would be held to the notice of a claim against which with the greatest diligence he could not guard.

It is to be noticed that Cheney was not taking an assignment of the mortgage, where a part of the notes secured by it had been previously assigned as in *Moore* v. *Ware*, 38 Maine, 496.

Nor does the case at bar resemble the case supposed, in 1 Jones, Mortg. § 474, where are cited cases relied upon by the plaintiff here.

The case of *Torrey, Adm'r*, v. *Deavitt, Adm'r*, recently decided in Vermont, is just in point; the court there say, "If the assignee of the mortgage debt fails to take such precaution (to take and record an assignment of the mortgage) he is guilty of negligence and places power in the hands of the original mortgagee to commit a fraud upon innocent parties and must be postponed to the rights acquired by such parties in good faith, without notice of his antecedent rights in the premises."

WALTON, J. One who takes a mortgagee's title holds it in trust for the owner of the debt to secure which the mortgage was given. If a mortgage is given to secure negotiable promissory notes, and the notes are transferred, the mortgagee and all claiming under him will hold the mortgaged property in trust for the holder of the notes. To secure this result it is not necessary that there should be any recorded transfer of the notes or mortgage. Nor is an assignment of the mortgage necessary. If the mortgage is duly recorded, the record is notice to all the world of the character of the mortgagee's title; and one taking title from or through him will obtain only a mortgagee's title, and be chargeable with notice that the notes are liable to be transferred, if they are not already transferred, and that he

must hold the estate in trust for the holder of the notes to secure which the mortgage was given, whoever that holder may be. No written declaration of the trust is necessary under the statute of frauds, because the trust arises by implication of law. Such is the settled law of this state. *Moore* v. *Ware*, 38 Maine, 496 ; *Buck* v. *Swazey*, 35 Maine, 41 ; *Johnson* v. *Candage*, 31 Maine, 28.

This rule of law is decisive in favor of the plaintiff. He is the holder of negotiable notes secured by a mortgage of real estate. They were transferred to him before they became payable. He thereby acquired an equitable title to the real estate which no act of the mortgagee could invalidate. True, he did not take a written assignment of the mortgage. Such an assignment was not necessary. His title in equity was complete without it. At law his title would be defective for the reason that our statutes declare that no interest in lands can be transferred except by deed. In equity, however, his title was complete when he became the holder of the notes. The case shows that the mortgagee afterward fraudulently obtained from the mortgagor a quitclaim deed of the premises, and that he (the mortgagee) then conveyed them to a third person, taking notes and a mortgage to secure the purchase money to the amount of three thousand dollars, and afterward assigned the notes, except one for one hundred dollars, and the mortgage, to the defendant (Cheney) as security for a loan of four hundred and thirty-five dollars. There is nothing to impeach the good faith of this defendant. But his title is inferior to the plaintiff's. In equity the plaintiff's title antedates his, and he must hold in subjection to it. There was no merger of the equity of redemption and the legal title in the mortgagee. The outstanding equitable title of the plaintiff would prevent such a result. A merger takes place only when the whole title, equitable as well as legal, unites in the same person. The cases cited and relied upon by the defendant's counsel (namely, *Mitchell* v. *Burnham*, 44 Maine, 286, and *Torrey* v. *Deavitt*, 12 Reporter, 508), are not in conflict with this conclusion. It is undoubtedly true, as held in these cases, that a mortgagor, and those claiming under him,

when exercising their right to redeem, may treat the mortgagee as still the holder of the mortgage notes or debt till notified to the contrary; and that they are chargeable with constructive notice of an assignment only when there is a duly recorded deed of assignment. But this rule is not applicable to mortgagees and those claiming under them. With respect to them it is enough that the original mortgage is recorded. We cannot doubt that in equity the plaintiff has the better title, and is entitled to the relief prayed for.

> *Bill sustained. Decree as prayed*
> *for with costs for the plaintiff*
> *against the defendant Cheney.*

APPLETON, C. J., BARROWS, DANFORTH, VIRGIN and SYMONDS, JJ., concurred.