ALBERT G. AVERILL, ADMR. *vs.* CHARLOTTE J. CONE.

Penobscot.     Opinion February 27, 1930.

10

*W. H. Waterhouse*, for plaintiff.
*Harry M. Briggs*,
*Ross St. Germain*,
*George E. Thompson*,
*R. W. Shaw*, for defendant.

SITTING: PATTANGALL, C. J., STURGIS, BARNES, FARRINGTON, JJ.

STURGIS, J. On this Appeal in Equity the plaintiff, in his capacity as Administrator of the estate of John N. Adams, late of Old Town, Maine, deceased, seeks to recover for sale to pay debts of his intestate's estate, a certain farm located in New Limerick, Maine, the legal title to which now stands in the defendant.

The Bill avers that John N. Adams, in his lifetime, held a mortgage on this New Limerick farm, given by one Bruce N. McKinnon to secure his six promissory notes of even date. The mortgagee began foreclosure, but on October 11, 1924, before the equity of redemption had expired, assigned the mortgage to his sister, the defendant in this action, who completed foreclosure of the mort-

gage and took title in her own name. The notes secured by the mortgage were held by the mortgagee during his lifetime, unindorsed and undelivered, and are now in the possession of the plaintiff, his Administrator.

It is further averred that the assignment by the mortgagee was without consideration, made in an attempt to defraud his wife of her rights by descent, and his estate being in fact insolvent, the assignment was a fraud upon his creditors, whose claims were outstanding at the time of the assignment.

The Answer alleges that the assignment of the mortgage was made in good faith and for a sufficient consideration, attributes the failure of the mortgagee to transfer the mortgage notes to neglect, and denies the allegations of fraud in the Bill.

The sitting Justice, below, found that the notes, secured by the mortgage, were not transferred with it to the defendant, ruled that the defendant holds the legal title to the property in question in trust for the plaintiff as holder of the mortgage notes, and by decree ordered a conveyance of the property to the plaintiff, with an accounting of rents and profits.

The plaintiff's allegations of fraud are not sustained. He charges that his intestate assigned the mortgage here in controversy to the defendant in an attempt to defraud his wife of her rights by descent. Assuming that this plaintiff is the proper party, and can set aside such a conveyance, the fraudulent attempt charged is not proven. Domestic difficulties and a separation, which are apparent on the record, give ground for surmise that fraud was practiced. But the evidence goes no further. Surmise or conjecture, not raised to the dignity of fair inference, can not be substituted for proof. *Titcomb* v. *Powers*, 108 Me., 347; *McTaggart* v. *Railroad Company*, 100 Me., 223.

No more does it appear that the assignment was in fraud of creditors as alleged in the Bill. The weight of the evidence does not show that, at the time of the execution of the assignment, the intestate was insolvent or that creditors, whose claims were then outstanding, are now creditors of the intestate estate.

Undoubtedly an Administrator of an estate duly represented and decreed insolvent in the Probate Court can invoke the aid of equity to set aside a conveyance made by his intestate in fraud of

creditors. *Frost* v. *Libby*, 79 Me., 56; *Pulsifer* v. *Waterman*, 73 Me., 233, 244. But assuming without deciding, that insolvency of an estate in fact will give equity jurisdiction to set aside such a conveyance, fraud as alleged is not proven, and the Bill can not be maintained on this ground.

The evidence does establish, however, that the assignment of the mortgage by the intestate was without consideration and unaccompanied by a transfer of the notes which it secured. The mortgage was foreclosed and title taken of record in the assignee. After the assignment and at all times after foreclosure, the intestate had and retained possession of and full control and dominion over the property. He collected all rents and profits. He offered the farm for sale as his own property and listed it under his own assets for purposes of credit. The defendant is and has been a simple depositary of the title to the New Limerick farm. These facts clearly indicate the existence of a simple or passive trust often termed dry or naked. *Dixon* v. *Dixon*, 123 Me., 470, 472.

The law conforms to the facts. The mortgage notes were not assigned with the mortgage. The result in equity is that the legal title passed to the assignee but in naked trust for the owner of the mortgage debt. *Stewart* v. *Crosby*, 50 Me., 130, 133; *Jordan* v. *Cheney*, 74 Me., 359; *Morris* v. *Bacon*, 123 Mass., 58; 20 Am. & Eng. Encyc. of Law, 1033.

The mortgage when assigned was personal property. Upon foreclosure a fee vested, the legal title being in the assignee, and an equitable estate in the plaintiff's intestate. Both estates were then real and not personal. On the death of the *cestui que* trust, his interest in the New Limerick farm descended to his widow and heirs.

An Administrator has no title to the real property of his intestate. At most, he can only sell when the Probate Court shall decree the sale necessary and grant license accordingly. A conveyance to the plaintiff by the defendant, in the case at bar, would clothe the Administrator with power to sell real property of his intestate outside and in disregard of the protections required by the law of probate. And Administrator can not maintain a Bill for the reconveyance of land conveyed by his intestate without consideration and in trust for his own benefit. It is so held in *Crocker*

v. *Smith*, 32 Me., 244. The rule must be applied, we think, in this case.

*Appeal sustained.*
*Bill dismissed.*