HERMAN ELLIS GOULD, Admr., d. b. n. c. t. a. *vs.* RHODE ISLAND HOSPITAL TRUST Co., executor and trustee.

JUNE 28, 1933.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

PER CURIAM. This is a bill in equity for the construction of the will of George Wakefield Gould. The cause, being ready for hearing for final decree, was certified to this court pursuant to the provisions of Section 35, Chapter 339, General Laws 1923.

By the third clause of his will the testator devised and bequeathed the residue of his estate, real and personal, to respondent Rhode Island Hospital Trust Co. and George Allen Gould as cotrustees, but to Rhode Island Hospital Trust Co. as sole trustee if George Allen Gould should not survive the testator, or, surviving, should not live throughout the duration of the trust. The trustees were directed to pay the net income of the trust estate to Sarah Josephine Gould, wife of the testator, if she should survive him, for and during the term of her natural life. By the terms of the will the trust was to continue for the lives of the testator's wife, Sarah Josephine Gould, his daughter, Bertha Adele Allen, and his son, George Allen Gould. The will further directs the trustees, upon the decease of the testator's wife if she should survive him, or upon and after the death of the testator should she predecease him,—and she did predecease him—to divide the net income of the estate equally between the testator's daughter, Bertha Adele Allen, and his son, George Allen Gould: and upon the death of either of them leaving the other surviving, to pay one-half of the net income to the surviving child so long as she or he should live and to add the remaining one-half of the net income to the trust estate, to be invested by them from time to time as in their opinion occasion should require.

Upon the death of the survivor of Bertha and George, the trustees are directed to pay to Herman Ellis Gould and Malcolm Clark Gould, children of said George Allen Gould and grandchildren of the testator, and to George Vernon Allen and Earle S. Allen, children of the testator's daughter, Bertha Adele Allen, and also grandchildren of the testator, or to such of them as should then be living, each the sum of $1,000, and further to pay to Rhode Island Baptist State Convention, a corporation located in the city of Providence, the sum of $500, and thereafter to transfer the rest, residue and remainder of the trust in the following manner: three-sixths thereof to said Rhode Island Baptist State Convention and one-sixth thereof each to American Baptist Foreign

Mission Society, a corporation located in the city of Boston, American Baptist Home Mission Society, a corporation located in the city of New York, and American Baptist Publication Society, a corporation located in the city of Philadelphia.

After the decease of the testator, the will was duly probated and respondent Rhode Island Hospital Trust Co. and George Allen Gould qualified and entered upon their duties as cotrustees, administering the trust estate and paying the income thereof in equal shares to Bertha Adele Allen and George Allen Gould until the decease of the latter on February 18, 1930. Subsequent to his decease, respondent Rhode Island Hospital Trust Co. has been acting as sole trustee, keeping the property of the said trust estate in its possession and control and paying one-half of the net income therefrom to Bertha Adele Allen. The remaining one half of the net income has been added to the principal of the trust estate as directed by the provisions of the will.

The complainant, Herman Ellis Gould, is the personal representative of the deceased trustee and life tenant, George Allen Gould, and the respondents other than said trustee are beneficiaries entitled to partake in the distribution of the trust estate upon the death of Bertha Adele Allen.

The complainant, in his capacity as such personal representative, has demanded that the respondent Rhode Island Hospital Trust Co., as the surviving trustee, pay over to him one-half of the entire trust estate and that it account to him for the income thereon. Upon the refusal of the trustee so to do, the bill of complaint in this cause was filed, setting forth the above facts and alleging that George Allen Gould, upon the death of the testator, became legally and equitably entitled to one half of the trust property outright by reason of the merger of his legal title as cotrustee and his equitable title as beneficiary.

In their answers the respondents admitted the facts set forth in the bill of complaint but denied the allegations thereof to the effect that such merger occurred, that the

complainant is entitled to an accounting and that said George Allen Gould was entitled in his lifetime to one-half of the trust property. Respondent Rhode Island Hospital Trust Co. has also requested advice as to the proper construction of the will with reference to the matters aforesaid; as to the rights of the complainant and of the other beneficiaries named in the will, and as to its duties with reference to the payments directed in the will to be made upon the death of Bertha Adele Allen to the various beneficiaries named in said will.

The question presented may be stated as follows: Where there is a devise to two trustees and to the survivor of them in trust to pay the net income of the trust estate in equal shares to two named persons, and upon the death of one of such persons, to accumulate one-half of the income until the death of the survivor and thereafter to distribute the principal and accumulated interest of the trust fund to certain other named beneficiaries, does the fact that one of the two persons entitled to share during his lifetime in the income is also one of the two trustees cause a merger of his legal title as trustee and his equitable title as beneficiary with the result that after his decease his personal representative is entitled to demand one-half of the principal of the trust estate and an accounting for the income thereof?

In construing wills it is the duty of the court to determine and, if possible, to give effect to the testator's intention as expressed in his will. In the cause before us it is clear that the testator had no intention to give to George Allen Gould any interest in the principal of the trust estate. Do the rules governing merger of legal and equitable estates require that the testator's intention clearly expressed in his will be violated?

The interests of the remaindermen are vested. *Caswell v. Robinson*, 21 R. I. 193; *Mowry v. Taft*, 36 R. I. 427; and equity does not permit a merger which destroys a vested interest in remainder. Perry, Trusts and Trustees, § 347; *Losey v. Stanley*, 147 N. Y. 560; *Woodward v. James*,

115 N. Y. 346; *Doscher* v. *Wyckoff*, 113 N. Y. S. 655; *Murray* v. *Murray*, 112 N. E. (Ind.) 835; *In re Moore's Estate*, 198 Pa. 611, 48 Atl. 884; *Jordan* v. *Chenney*, 74 Me. 362; *Logan* v. *Green*, 39 N. C. 370.

It may be further suggested that the legal estate of George Allen Gould was a joint estate and not an estate in fee simple. He was a cotrustee with respondent Rhode Island Hospital Trust Co. His beneficial interest was an equitable estate for life. The two estates are not sufficiently coextensive to permit a merger. Perry, Trusts and Trustees, (7th) § 347; 21 C. J. 1038. As a joint tenant George Gould had no separate estate in the land. All joint tenants are regarded as having together but one estate in the land, and as being together but one tenant. Tiffany, Real Property, § 162.

In *Burbach* v. *Burbach*, 217 Ill. 547, the court said: "The provisions of the will are not void on the ground that the three trustees are also beneficiaries. Whatever may be said as to the fitness of trustees to take property in trust for themselves, they are not necessarily and in all cases incapable of doing so, (Perry on Trusts, sec. 59) and where one is a trustee for himself and others that fact does not defeat the trust. (*Summers* v. *Higley*, 191 Ill. 193). The title held by the trustees is joint, and there is no merger of separate interests in the different trustees arising out of the fact that they are also beneficiaries."

Our conclusions are that the legal and equitable estates of George Allen Gould did not merge, and the parties are advised accordingly

On July 3, 1933, the parties may present a form of decree in accordance with this opinion.

*Robert P. Beagan, John J. Richards*, for complainant.

*Tillinghast & Collins, George W. Davis*, for Rhode Island Hospital Trust Co.

*Charles W. Littlefield*, for other respondents.