STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss.                                   CIVIL ACTION
                                                  DOCKET NO: RE-09-252
                                                  RAC - CUM - 12/14/2010


DEUTSCHE BANK NATIONAL
TRUST CO., AS TRUSTEE UNDER
THE POOLING AND SERVICING
AGREEMENT RELATED TO IMPAC
SECURED ASSETS CORP.,
MORTGAGE PASS-THROUGH
CERTIFICATES SERIES 2003-3                        ORDER

            Plaintiff,

       v.

SALLY MERRILL,

            Defendant


        Deutsche Bank National Trust Company moves to substitute First Tracks

Investments, LLC, for itself as plaintiff pursuant to Rule 25(c). First Tracks, as the

alleged assignee of Deutsche Bank's rights, moves for summary judgment

against defendant Sally Merrill in this foreclosure action. First Tracks' motion is

denied due to numerous deficiencies in its Rule 56 statement of material facts.

Additionally, First Tracks does not appear to be the real party in interest in this

case.

## BACKGROUND

        Ms. Merrill owns property located in Cumberland Center, Maine. On July

11, 2006, she executed and delivered to American Residential Mortgage a

promissory note in the original principal amount of $548,000.00. The note was

secured by a mortgage executed on the same date and delivered to Mortgage

Electronic Registration Systems, Inc. (MERS) as nominee for American. On

1

February 18, 2010, MERS assigned the mortgage to Deutsche Bank National Trust Company, as trustee under the pooling and servicing agreement related to Impac Secured Assets Corporation, Mortgage Pass-Through Certificates, Series 2006-3. Deutsche Bank initiated this foreclosure action on May 28, 2010, in Superior Court. Ms. Merrill responded with a handwritten filing stating that she expected to settle the case within forty-five days. Mediation was scheduled to occur on September 24, 2010.

On August 5, 2010, Deutsche Bank purported to assign both the mortgage and the promissory note to First Tracks. Deutsche Bank filed a motion to substitute First Tracks for itself as plaintiff in this suit. Ms. Merrill filed a handwritten objection. First Tracks then filed its motion for summary judgment on September 20, 2010. Mediation was attempted on September 24, 2010, but the parties were not able to reach an agreement.

## DISCUSSION

Summary judgment is appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c); *see also Levine v. R.B.K. Caly Corp.*, 2001 ME 77, ¶ 4, 770 A.2d 653, 655. A motion for summary judgment must be supported by citations to record evidence of a quality that would be admissible at trial. *Id.* at ¶ 6, 770 A.2d at 656 (citing M.R. Civ. P. 56(e)). Judgment may be rendered against the moving party if appropriate. M.R. Civ. P. 56(c).

Affidavits supporting a motion for summary judgment must be made on the affiant's "personal knowledge." M.R. Civ. P. 56(e). First Tracks rests its motion entirely on the affidavit of its own Vice President, Michael Cianchette, and he only claims to have "knowledge" of the matters about which he testifies.

This is not adequate under the rule, as made evident by Mr. Cianchette's reliance on the affidavit of Deutsche Bank Vice President Steve Yamamoto. Mr. Yamamoto claims to have Ms. Merrill's records *available* to him, but he does not claim to have actually read them or have any knowledge pertaining to Ms. Merrill's mortgage, note, or alleged breach. This is not an adequate evidentiary basis for First Tracks' motion for summary judgment.

First Tracks has left the following necessary facts out of its statement of material facts, due in part to lack of-admissible evidence and in part to sheer omission. It has not included the street address of the subject property, or indicated whether there are any amounts owed to other parties-in-interest and their priority. *Chase Home Finance LLC v. Higgins*, 2009 ME 136, ¶ 11, 985 A.2d 508, 510–11. It has not shown that Ms. Merrill breached her mortgage, or proven the amount due on the note. *Id.* It has not provided evidence of a properly served notice of default pursuant to 14 M.R.S. § 4111, or included proof of completed mediation. *Id.* Given that First Tracks interprets Ms. Merrill's handwritten responses as no response at all, it should have included a statement and affidavit addressing whether or not Ms. Merrill is in military service in accordance with the Servicemembers Civil Relief Act. *Id.* Finally and most seriously, First Tracks has not shown that either it or Deutsche Bank have any interest in the promissory note and mortgage at the heart of this action.

While First Tracks has included the assignment from Deutsche Bank to itself with Mr. Cianchette's affidavit, it has not placed the assignment from MERS to Deutsche Bank in the summary judgment record.[1] More importantly,

---

[1] A copy of this assignment is attached to the complaint, but the court may not independently search the record for evidence not cited in the moving party's

First Tracks only alleges that MERS assigned the *mortgage* to Deutsche Bank. No party has alleged that American ever assigned the *promissory note*. A mortgage interest is collateral to the debt obligation it secures, and generally an attempt to transfer the mortgage without the promissory note is ineffectual. *Averill v. Cone*, 129 Me. 9, 12, 149 A. 297, 299 (1930) (cited in *Mortgage Electronic Registration Systems, Inc. v. Saunders*, 2010 ME 79, ¶ 11 n.3, 2 A.3d 289, ___); *Wyman v. Porter*, 108 Me. 110, 120, 79 A. 371, 375 (1911); 4-37 Powell on Real Property § 37.27(2) (Michael Allan Wolf ed., 1997). While the mortgage will automatically follow an assignment of the note, an attempt to assign the mortgage without the note is a nullity. *Averill*, 129 Me. at 12, 149 A. at 299. Even if two entities do succeed in separating the note and the mortgage, the possessor of the mortgage merely holds it in trust for the holder of the debt interest. *Wyman*, 108 Me. at 120, 79 A. at 375.

Furthermore, MERS was never a mortgagee in this case because it was never entitled to enforce the debt obligation held by American. *Mortgage Electronic Registration Systems, Inc. v. Saunders*, 2010 ME 79, ¶ 11, 2 A.3d 289, ___. MERS's only rights were to possess and record the mortgage document. *Id.* ¶¶ 10–11, 2. A.3d at ___. If the assignment from MERS to Deutsche Bank had any effect, it was only to give Deutsche Bank the bare right to possess and record the mortgage document as American's nominee. To foreclose on a mortgage and enforce a promissory note, the foreclosing party must prove ownership of both and produce evidence of all assignments and endorsements relating to each. 14 M.R.S. § 6321. Deutsche Bank clearly never had the promissory note, and it is doubtful that it had even a nominal interest in the mortgage. It had no standing

statement of material facts. *Mortgage Electronic Registration Systems, Inc. v. Saunders*, 2010 ME 79, ¶ 22, 2 A.3d 289, ___.

4

to initiate this foreclosure action, and could not give any greater interest to First Tracks.

**The entry is:**

First Tracks' motion for summary judgment does not meet the evidentiary requirements of Rule 56 and does not show that First Tracks is entitled to a foreclosure judgment. First Tracks' and Deutsch Bank's allegations do show, and the entire record supports, that neither First Tracks nor Deutsch Bank are proper parties to this litigation. Deutsch Bank and First Tracks have until December 1, 2010 to show that this action is being prosecuted in the name of the real party in interest pursuant to Rule 17. Failure to do so will result in dismissal.

DATE: October 14, 2010

Roland A. Cole
Justice, Superior Court

5

CLERK OF COURTS
Cumberland County
205 Newbury Street, Ground Floor
Portland, ME 04101

David Perkins Esq        _Pl.
P O Box 449
Portland  Me 04112

CLERK OF COURTS
Cumberland County
205 Newbury Street, Ground Floor
Portland, ME 04101

_Df

Sally Merrill
42 Winn Rd.
Cumberland   Ctr. Me 04021