STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss                                       CIVIL ACTION
                                              DOCKET NO. RE-15-301

DEUTSCHE BANK NATIONAL
TRUST CO., as Trustee,

      Plaintiff

v.                                                      ORDER

DECISION ONE MORTGAGE CO.
LLC, et al.,

      Defendants

Before the court is a motion by plaintiff Deutsche Bank "for quiet title, partial declaratory default judgment, and judgment on the pleadings." Essentially Deutsche Bank is seeking a judgment declaring that, as the current holder of the mortgage note, Deutsche Bank has title to a mortgage which was originally granted to defendant Decision One Mortgage Co. LLC with Mortgage Electronic Registration Systems (MERS) as nominee.

Decision One was served but has not answered the complaint and may have gone out of business. One of the obligors on the note is deceased. The other obligor on the note, William H. Chase, was named as a party in interest. He was served and filed an answer stating that he is not living in the property and that he is not asserting any interest in the property. Deutsche Bank also named MERS as a defendant. MERS was served but has not answered.

Deutsche Bank has submitted documents demonstrating that the mortgage in question was purportedly assigned by MERS to the Bank of America in March 2012 and was then assigned by the Bank of America to Deutsche Bank in April 2013. The underlying note was endorsed in blank by Decision One and is now alleged to be in Deutsche Bank's possession.

STATE OF MAINE
Cumberland, ss, Clerk's Office

JUL 25 2016

RECEIVED

Discussion

This case involves an effort by a mortgage note holder to overcome the problem created by the Law Court's decision in *Bank of America v. Greenleaf*, 2014 ME 89, 96 A.3d 700. Because the mortgage was assigned by MERS to Bank of America as nominee for Decision One, there has been no valid assignment out of Decision One, and the note holder does not have standing to foreclose at this time.

Plaintiff argues that based on the default by Decision One it is entitled to an order confirming the validity of the mortgage assignment by MERS as nominee for Decision One to the Bank of America. Because the Bank of America subsequently assigned the mortgage to Deutsche Bank via an assignment that was recorded in the registry of deeds, Deutsche Bank will be the owner and holder of the mortgage if the MERS assignment is found to be valid.

Plaintiff's argument is based on the principle that the holder of the mortgage note has an equitable interest in the mortgage. *See Jordan v. Cheney*, 74 Me. 359, 361 (Me. 1883).[1] Whether this is sufficient, at least in a case where the original grantee of the mortgage (for whom MERS was acting as nominee) is no longer in business – and whether this can be reconciled with *Greenleaf* is an issue that may have to be resolved by the Law Court. There are also practical considerations to consider in cases where the mortgaged property is not occupied (as is likely the case here).

The court agrees that defaults may be entered against Decision One and against MERS and that, given Mr. Chase's decision not to contest the action, the case may be in order for entry of judgment declaring that Deutsche Bank is the owner and the holder of the mortgage.

---

[1] Other states have apparently adopted this principle. *See, e.g., Eaton v. Fannie Mae*, 969 N.E.2d 1118, 1125 (Mass. 2012); *Jackson v. MERS*, 770 N.W.2d 487, 497 (Minn. 2009).

2

However, this can only happen once Deutsche Bank demonstrates that it the holder of the original note.

Specifically, because the note is endorsed in blank, Deutsche Bank needs to prove that it is the holder of the original note in order to have standing to proceed in this case and to be entitled to the relief it seeks. The clerk shall therefore enter the defaults of defendants Decision One and MERS and shall schedule a hearing on whether default judgment shall be entered declaring Deutsche Bank to be the owner and holder of the mortgage. At that hearing Deutsche Bank can demonstrate that it is the holder of the original note by bringing that note to the hearing.

The entry shall be:

Defaults shall be entered against defendants Decision One and MERS. Hearing to be scheduled on whether plaintiff shall be entitled to a default judgment declaring Deutsche Bank to be the owner and holder of the mortgage. The Clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: July __25__, 2016

Thomas D. Warren
Justice, Superior Court