**STATE OF MAINE**
**LINCOLN, SS**

Carrington Mortgage Services, LLC

        Plaintiff

           vs.

Family First Mortgage Corp.

        Defendant

Mortgage Electronic Registration Systems,
Inc., as nominee for Family First Mortgage
Corp.; and

Robert H. Rogers, Jr.

        Parties-In-Interest

**SUPERIOR COURT**
**LOCATION: WISCASSET**
**DOCKET NO. RE-16-17**

**ORDER**

**TITLE TO REAL ESTATE IS**
**INVOLVED**

**MORTGAGED PREMISES:**

85 Shady Lane
Wiscasset, ME 04578
Book 3590, Page 137

This matter is before the Court on Plaintiff's Complaint for Declaratory Judgment. After trial, the Court specifically finds that there is justiciable controversy and that declaratory relief is appropriate to remove the uncertainty in the chain of title to the mortgage, as raised by the *Greenleaf* decision, regarding assignments of mortgages for nominees. *Bank of America, N.A. v. Greenleaf*, 2014 ME 89, 96 A.3d 700. As holder of the promissory note, Plaintiff is entitled to bring this action to confirm its rights in the subject mortgage. This is consistent with well settled precedent discussing Maine mortgage title theory. *See Jordan v. Cheney*, 74 Me. 359 (1883).

Accordingly, for good cause shown, it is hereby ordered that JUDGMENT in this matter is GRANTED for the Plaintiff;

This Court ORDERS, confirms and ratifies, *nunc pro tunc*, the transfer of the mortgage, dated November 10, 2005, and recorded in the Lincoln County Registry of Deeds in Book 3590, Page 137, as evidenced by the Assignment of Mortgage to Bank of America, N.A., recorded in said Registry in Book 4563, Page 203, and further assigned to Plaintiff Carrington Mortgage Services, LLC, by virtue of an Assignment of Mortgage recorded in said Registry in Book 4838, Page 58; and all the rights contained therein, including ownership, to Carrington Mortgage Services, LLC; and

The Court also enters in rem permanent injunction relief concerning the subject property mortgage recorded on November 16, 2005. The Court finds the Plaintiff is the owner and holder of both the subject Note and Mortgage Deed, *nunc pro tunc* as of the date of the Mortgage Assignment to the Plaintiff

DATED:   AUG 1 5 2017

                                  Justice, Superior Court   Daniel Billings