STATE OF MAINE
YORK, SS.

SUPERIOR COURT
LOCATION: ALFRED
DOCKET NO: CV-17-197

U.S. Bank National Association, successor Trustee to Bank of America, N.A., as successor Trustee to LaSalle Bank, N.A., as Trustee for the Merrill Lynch First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-FF1

**Plaintiff**

vs.

Nationpoint, a Division of National City Bank

**Defendant**

Mortgage Electronic Registration Systems, Inc., as nominee for Nationpoint, a Division of National City Bank,
Nationpoint, a Division of National City Bank,
Gregory P. Howard,
Midland Funding, LLC,

**Parties-In-Interest**

ORDER

TITLE TO REAL ESTATE IS INVOLVED

MORTGAGED PREMISES:
224 Cranberry Meadow Road
Berwick, ME 03901-2414
Book 15030, Page 252

 

This matter is before the Court on Plaintiff's Motion for Default Judgment and Judgment on the Pleadings. The Court specifically finds that there is justifiable controversy and that declaratory relief is appropriate to remove the uncertainty in the chain of title to the mortgage, as raised by the *Greenleaf* decision, regarding assignments of mortgages for nominees. *Bank of America, N.A. v. Greenleaf*, 2014 ME 89 (Me. 2014). As holder of the promissory note, Plaintiff is entitled to bring this action to confirm its rights in the subject mortgage. This is consistent with well settled precedent discussing Maine mortgage title theory. *See Jordan v. Cheney*, 74 Me. 359 (1883).

Having considered the pleadings, this Court finds that after service in compliance with Maine Rules of Civil Procedure, the Defendant, Nationpoint, a Division of National City Bank, has not answered or otherwise appeared in this action; the Party-In-Interest, Mortgage Electronic Registration Systems, Inc., as nominee for Nationpoint, a Division of National City Bank, has not answered or otherwise appeared in this action; the Party-In-Interest, Nationpoint, a Division of National City Bank, has not answered or otherwise appeared in this action; the Party-In-Interest, Gregory P. Howard, has not answered or otherwise appeared in this action; the Party-In-Interest, Stephanie M. Doane, has not answered or otherwise appeared in this action; the Party-In-Interest,

Midland Funding, LLC, has not answered or otherwise appeared in this action.

Accordingly, for good cause shown, it is hereby ORDERED that;

Plaintiff is GRANTED default judgment in this matter; and

This Court ORDERS, confirms and ratifies, *nunc pro tunc*, the transfer of the mortgage, dated November 30, 2006, and recorded in the York County Registry of Deeds in **Book 15030, Page 252**, as evidenced by the assignment to LaSalle Bank National Association as Trustee for First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, 2007-FF1 recorded in the York County Registry of Deeds in **Book 15519, Page 700**; and all the rights contained therein, including ownership, to U.S. Bank National Association, successor Trustee to Bank of America, N.A., as successor Trustee to LaSalle Bank, N.A., as Trustee for the Merrill Lynch First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-FF1; and

The Court also enters in rem permanent injunction relief concerning the subject property mortgage recorded on December 7, 2006. The Court finds the Plaintiff is the owner and holder of both the subject Note and Mortgage Deed, *nunc pro tunc* as of the date of the Mortgage Assignment to the Plaintiff, September 2, 2008.

DATED: _____1/25/18_____          _____

Justice, Superior Court

**ENTERED ON THE DOCKET ON:**___1/29/18___