STATE OF MAINE                                    SUPERIOR COURT
PENOBSCOT, ss.                                    CIVIL ACTION
                                                  DOCKET NO. RE-16-109

BEAL BANK USA,

        Plaintiff,

        v.

NEW CENTURY MORTGAGE CORPORATION,                 **DECISION**

        Defendant.


## INTRODUCTION

Before the Court is a Motion to Compel Assignment of Mortgage by Plaintiff Beal Bank USA. On November 28, 2016, Plaintiff filed its initial Complaint to Compel Assignment. Trial was held on January 10, 2018. On February 16, 2018, Plaintiff filed a Trial Memorandum arguing that a set of cases from the nineteenth century entitles Plaintiff to judgment in this case. Plaintiff moves for the Court to compel New Century Mortgage Corporation to assign any interest it holds in the Mortgage to Plaintiff. For the following reasons, however, the Court grants judgment to Defendant.


## FACTS

The relevant background underlying the present dispute is derived from Plaintiff's Complaint and attached exhibits.

Dianah L. Robinson and Ronald C. Robinson received a loan for $53,100.00 and signed a Note dated September 29, 2006. The Note listed Defendant New Century Mortgage Corporate ("New Century") as the lender. (Pl.'s Ex. 1.) The Robinsons also executed a Mortgage in favor of Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee of New Century,

1

securing the property located at 755 Airport Road, Exeter, Maine 04435 ("Property"). (Pl.'s Ex. 2.)

On December 1, 2008, MERS purported to assign the Mortgage to LNV Corporation, Inc. (Compl. ¶ 6; Pl.'s Ex. 3.) On November 9, 2017, LNV Corporation assigned the Mortgage to Plaintiff. (Pl.'s Ex. 4.)

ANALYSIS

Plaintiff contends that the remedy of compelling an assignment of mortgage is "firmly rooted" in the law of Maine based on a series of cases from the 1850s. This contention rests on the premise that the Law Court's more recent decisions regarding the effectiveness of MERS assignments did not overrule the doctrines on which Plaintiff's argument relies.

The Law Court's ruling in *Greenleaf* controls the outcome of the present case. The language of the Mortgage that the Robinsons executed in favor of New Century listed MERS as "a separate corporation that is acting solely as nominee for Lender and Lender's successors and assigns." (Pl.'s Ex. 2.) This language exactly matches the language of the mortgage analyzed in *Greenleaf*. *Bank of Am., N.A. v. Greenleaf*, 2014 ME 89, ¶ 13, 96 A.3d 700. The fact that the Mortgage in the present case lists MERS as "the mortgagee of record" does not rescue Plaintiff's claims because the Law Court held that "notwithstanding its reference to MERS as the 'mortgagee of record,' the mortgage in fact granted to MERS 'only the right to record the mortgage' as the lender's nominee, and 'having only that right, MERS did not qualify as a mortgagee pursuant to our foreclosure statute.'" *Id.* ¶ 14 (quoting *Mortg. Elec. Registration Sys. v. Saunders*, 2010 ME 79, ¶ 9, 2 A.3d 289). Thus, applying the rulings from *Saunders* and *Greenleaf* to this case, it appears that the December 1, 2008 assignment by MERS to LNV

2

Corporation did not effectively assign ownership of the Mortgage to LNV Corporation. Since LNV Corporation did not have ownership of the Mortgage, it "could not have granted to another person or entity any greater interest in the mortgage than that enjoyed by" LNV Corporation. *Greenleaf*, 2014 ME 89, ¶ 16, 96 A.3d 700.

Plaintiff argues that the doctrine of equitable trust entitles Plaintiff to ownership of the Mortgage despite the Law Court's rulings in *Saunders* and *Greenleaf*. Plaintiff cites *Johnson v. Candage*, 31 Me. 28, 31 (1849) for the proposition that "[w]here there is a separation of the note from the mortgage, the latter continues in force; and by the principles of a court of equity, the mortgagee becomes trustee for the holder of the note." Additionally, Plaintiff cites *Jordan v. Cheney*, 74 Me. 359, 361 (1883), for the proposition that "[o]ne who takes a mortgagee's title holds it in trust for the owner of the debt to secure which the mortgage was given. If a mortgage is given to secure negotiable promissory notes, and the notes are transferred, the mortgagee and all claiming under him will hold the mortgaged property in trust for the holder of the notes." Plaintiff insists that these cases, among several others that Plaintiff cites in its Trial Memorandum, support the conclusion that as holder of the Note in this case, Plaintiff is entitled to ownership of the Mortgage as a *trustee*; thus, the Court should compel New Century to assign Plaintiff ownership of the Mortgage.

Plaintiff's argument fails because its reasoning and the cases it cites are inconsistent with the Law Court's more recent rulings in *Saunders* and *Greenleaf*. If the equitable trust doctrine still applied, then the mortgage-holder would hold the mortgage in equitable trust for the note-holder. *See Cheney*, 74 Me. 359, 361 (1883). However, if the note-holder was the beneficiary of an equitable trust that entitled the note-holder to the mortgage, then holding the note would entail ownership of the mortgage. There would be no separate analyses for holding the note and

3

owning the mortgage because the former would entail the latter. The *Greenleaf* opinion thus flatly contradicts the application of the equitable trust doctrine here. *See Greenleaf*, 2014 ME 89, ¶ 12, 96 A.3d 700 ("whereas a plaintiff who merely holds or possesses—but does not necessarily own—the note satisfies the note portion of the standing analysis, the mortgage portion of the standing analysis requires the plaintiff to establish *ownership* of the mortgage."). See also *United States Bank Trust, N.A. v. Accredited Home Lenders*, CV-15-228, 2017 Me. Super. LEXIS 60, at *5 (May 2, 2017) ("[t]he court cannot decide here that the holder of the mortgage note, as a transferee of MERS as nominee for defendant mortgagee, is the owner of the mortgage as beneficiary of an equitable trust held by defendant without contradicting the Law Court's determination in *Greenleaf*."). If the equitable trust doctrine remained in effect, then the ineffectiveness of the assignment by MERS would not have necessitated the conclusion that the plaintiff-bank lacked ownership of the mortgage.

Plaintiff attempts to demonstrate the ongoing vitality of the equitable trust doctrine by citing to a footnote in the *Saunders* opinion in which the Law Court cited *Averill v. Cone*, 129 Me. 9, 149 A. 297 (1930) and *Jordan v Cheney*, 74 Me. 369 (1883). *See Saunders*, 2010 ME 79, ¶ 11 n.3, 2 A.3d 289. The Law Court's citation to these cases, Plaintiff argues, shows that the Law Court has not eliminated the equitable trust doctrine "where the mortgage and note are truly held by different parties." *Id.* In *Saunders*, MERS (the plaintiff in that case) did not hold either the mortgage or note when it filed its Complaint; the original mortgagee held both the mortgage and the note. *Id.* These propositions in *Greenleaf*, Plaintiff contends, support Plaintiff's request for a compelled assignment of mortgage in this case.

Plaintiff's contention that this footnote in *Saunders* gives the equitable trust doctrine life would be a legitimate point had the Law Court not rejected it in *Greenleaf*, in which MERS also

4

purported to assign the mortgage to the plaintiff. *Greenleaf,* 2014 ME 89, ¶ 4, 96 A.3d 700. There, the Law Court held that the plaintiff bank was the owner of the note. *Id.* ¶ 11. However, the Law Court also held that the original lender, not the plaintiff, retained ownership of the mortgage because MERS had no right to assign the mortgage. *Id.* ¶¶ 15-16. Therefore, in *Greenleaf,* "the mortgage and note [were] truly held by different parties." *Saunders,* 2010 ME 79, ¶ 11 n.3, 2 A.3d 289. Nonetheless, the Law Court did not apply the equitable trust doctrine in *Greenleaf.* Conversely, the Law Court held that the MERS assignment to the plaintiff was ineffective and "that the [plaintiff] Bank lacked standing to seek foreclosure on the mortgage and accompanying note." *Greenleaf,* 2014 ME 89, ¶ 17, 96 A.3d 700. The ruling in *Greenleaf* therefore vitiates Plaintiff's argument that it is entitled to a compelled assignment of mortgage pursuant to the equitable trust doctrine, which the Law Court eschewed.

Plaintiff's arguments conflate possession of the Note with ownership of the Mortgage. To the extent that Plaintiff argues that its *possession* of the original mortgage is sufficient to establish ownership of the mortgage, the Court does not agree. In *Greenleaf,* the Law Court stated that possession of the note was sufficient to establish ownership of the note, because the note is a negotiable instrument and governed under Maine's Uniform Commercial Code. *See Greenleaf,* 2014 ME 89, ¶¶ 10-11, 96 A.3d 700 (stating that "Section 3-1301 permits a party to enforce a note if it is the 'holder of the note, that is, if it is in possession of the original note that is indorsed in blank.'"). The mortgage, however, is not a negotiable instrument. *Id.* ¶ 12 ("whereas a plaintiff who merely holds or possesses—but does not necessarily own—the note satisfies the note portion of the standing analysis, the mortgage portion of the standing analysis requires the plaintiff to establish *ownership* of the mortgage."). Thus, the Law Court made clear

that possession of a mortgage is not sufficient to establish ownership of the mortgage. Accordingly, the Court does not find that Plaintiff is the owner of the Robinson Mortgage.

Plaintiff's claim to a compelled assignment of the Mortgage is premised on a doctrine from the nineteenth century that yields consequences that contradict the Law Court's much more recent rulings in *Saunders* and *Greenleaf*, which made clear that possession of the note is not sufficient to establish ownership of the mortgage. Therefore, Plaintiff cannot circumvent the ineffectiveness of the purported assignment of the Mortgage by relying on the equitable trust doctrine.

The entry is:

1. Plaintiff's Motion to Compel Assignment of the Mortgage is **DENIED**.
2. The Clerk is directed to incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

Dated:  3|4|18

Ann M. Murray
Justice, Maine Superior Court

Entered on the docket on 3/9/18

6