STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss                                    CIVIL ACTION
                                                  Docket No. RE-17-155

MTGLQ INVESTORS, L.P.,

REC'D CUMB CLERKS OF
MAY 22 '19 AM8:12

        Plaintiff

v.                                                JUDGMENT

MORTGAGE LENDERS
NETWORK USA, INC.,

        Defendant

In its complaint, plaintiff seeks to compel assignment of a mortgage from defendant to

plaintiff. Trial was held on January 10, 2019. For the following reasons, the court enters judgment

in favor of the defendant.

Background Facts

On June 1, 2005, Todd Boulanger executed and delivered to Mortgage Lenders Network

USA, Inc. a promissory note in the amount of $184,000.00 (Pl.'s Ex. 1.) There are several

endorsements with the last endorsement from Countrywide Home Loans, Inc. in blank. (Pl.'s Ex.

1.) Plaintiff presented the original note for inspection at trial.

On June 1, 2005, in order to secure the note, Todd and Belinda Boulanger executed a

mortgage deed on property located at 10 Stagecoach Lane, Windham, Maine 04062. (Pl.'s Ex. 3.)

The mortgage was recorded in the Cumberland County Register of Deeds on June 2, 2005. (Pl.'s

Ex. 3.) The mortgage was in favor of Mortgage Electronic Registration Systems, Inc. (MERS), as

nominee for Mortgage Lenders Network USA, Inc. (Pl.'s Ex. 3.)

On August 26, 2011, MERS purported to assign the mortgage to Bank of America, N.A.

(Pl.'s Ex. 4.) On June 6, 2013, Bank of America N.A. purported to assign the mortgage to Green

1

**Plaintiff—Ian Brown, Esq.**
**Defendant—Did not appear/answer**

Tree Servicing LLC. (Pl.'s Ex. 5.) On September 18, 2015, Ditech Financial LLC, f/k/a/ Green Tree Servicing LLC, purported to assign the mortgage to Federal National Mortgage Association. (Pl.'s Exs. 6-7.) On September 19, 2016, Federal National Mortgage Association purported to assign the mortgage to plaintiff. (Pl.'s Ex. 8.)

Plaintiff filed this action on June 14, 2017. Defendant was served with the complaint on June 27, 2017. Defendant did not respond. Plaintiff requests that the court order that any interest in the mortgage held by Mortgage Lenders Network USA, Inc. be assigned to plaintiff. Plaintiff argues that it is the equitable owner of the mortgage and, therefore, has the right to compel an assignment of the mortgage. (Compl. ¶¶ 9-10.) Plaintiff claims that any interest in the mortgage held by defendant is held in trust for the benefit of plaintiff. (Compl. ¶ 8.) Plaintiff submitted a trial memorandum at trial.

Discussion

Plaintiff cites a series of cases to support its argument that it is the equitable owner of the mortgage.[1] (Pl.'s Trial Memo); see Averill v. Cone, 129 Me. 9, 149 A. 297 (1930); Dixon v. Dixon, 123 Me. 470, 124 A. 198 (1924); Wyman v. Porter, 108 Me. 110, 79 A. 371 (1911); Lord v. Crowell, 75 Me. 399 (1883); Jordon v. Cheney, 74 Me. 359 (1883); Sawyer v. Skowhegan, 57 Me. 500 (1868); Stewart v. Crosby, 50 Me. 130 (1863); Moore v. Ware, 38 Me. 496 (1854); Johnson v. Candage, 31 Me. 28 (1849). More recently, the Law Court has addressed the validity of mortgage assignments from MERS. See Bank of Am., N.A. v. Greenleaf, 2014 ME 89, 96 A.3d 700; see also Mort. Elec. Registration Sys. v. Saunders, 2010 ME 79, 2 A.3d 289.

---

[1] Three of the cases are cited by the Law Court in Mort. Elec. Registration Sys. v. Saunders, 2010 ME 79, ¶ 11, n.3, 2 A.3d 289.

In Greenleaf, the Law Court held that MERS had the right only to record the mortgage as the lender's nominee and did not qualify as a mortgagee. Greenleaf, 2014 ME 89, ¶ 14, 96 A.3d 700. Any purported assignment of MERS's rights is an assignment of the right to record only and not an assignment of any other rights. Id. at ¶¶ 15-16. In Greenleaf and in this case, the record shows a series of assignments of the right to record the mortgage and no more. Id. at ¶ 17. As a result, the Greenleaf court concluded that plaintiff lacked standing. Id. ; see Homeward Residential, Inc. v. Gregor, 2015 ME 108, ¶ 13, 122 A.3d 947 (discussing effect of financial services industry's practice of securitization, "spawning a byzantine mass of assignments, transfers, and documentation.").

Plaintiff's request to compel assignment is not granted. The assignment is invalid because it follows a purported MERS assignment on August 26, 2011. (See Pl.'s Ex. 4.)

The entry is

> Judgment is entered in favor of Defendant, Mortgage Lenders Network USA, Inc., and against Plaintiff, MTGLQ Investors, L.P., on Plaintiff's Complaint.

Date: May 22, 2019

Nancy Mills
Justice, Superior Court

Entered on the Docket: 05/23/19

3